**David L. GREEN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

John D. Miller, Miller & Taylor, Owens-boro, for appellant.

Ed. W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Justice.

David L. Green was convicted of storehouse breaking. KRS 433.190. His punishment was fixed at one year in the state penitentiary. Green appeals. We affirm.

Green, an Owensboro police officer, while on duty went to the Village West Shopping Center. He went to the back of the shopping center and to the back door of Philpott's Barber Shop. The door was unlocked. He opened the door and proceeded through two other opened doors and entered the barber shop. His activities were witnessed by other officers who had "staked out" the premises. The suspicious investigating fellow officers had obtained the key to the back door of the shop from the owner. They had unlocked the back door, opened the two inner doors, and secreted themselves to await developments. They saw Green enter the shop and witnessed his actions inside. As Green left the shop through the back door he was arrested. He had in his possession $25.00 in cash, a bottle of shampoo, some pocket combs, and a bottle of hair oil, all taken from the shop.

On this appeal Green contends that there was error in regard to the instructions and that he was entitled to a directed verdict of acquittal.

Green requested the trial court to instruct the jury that no inference of guilt should be drawn from Green's failure to testify. The trial court refused. Green contends that the trial court's failure to give the requested instruction was prejudicial error.

KRS 421.225(1) provides:

"In any criminal or penal prosecution the defendant, on his own request, shall be allowed to testify in his own behalf, but his failure to do so shall not be commented upon or create any presumption against him."

The statutory provision that the accused's failure to testify in his own behalf "shall not be commented upon" prohibits any comment by the prosecutor, by the trial court, or anyone else. Had the trial court given the requested "no inference" instruction, this would have been a direct "comment" by the court and would have emphasized the fact that the accused had not testified in his own behalf. In Hopper v. Commonwealth, Ky., 371 S.W.2d 646 (1963), a case in which a "no inference" instruction was not requested, we commented " * * * it is our view that such an instruction would do more harm than good * * * ". In Farmer v. Commonwealth, Ky., 461 S.W.2d 551 (1970), we said that the failure to give a requested affirmative instruction concerning a defendant's failure to take the stand in his own defense was not prejudicial to the accused.

Green relies on Bruno v. United States 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939), as supporting the proposition that upon request a defendant is entitled to a "no inference" instruction and that failure to give it is prejudicial error. The Supreme Court interpreted 18 U.S.C. Sec. 3481 as permitting a defendant to elect if he desires such an instruction. Green contends that we should adopt the "Bruno rule" as many state courts have done. The federal statute is as follows:

"In trial of all persons charged with the commission of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him."

Absent from this statute is the provision in our statute that " * * * his failure to do so shall not be commented upon * * * ". To hold that under our statute a trial court may "comment" by giving a "no inference" instruction would do violence to the clear intent of our legislature to fully protect the rights of an accused

standing as a defendant on trial. Under our statute, a defendant is not entitled to a "no inference" instruction. The trial court did not err in refusing to give Green's requested instruction.

The trial court gave the usual instruction on storehouse breaking. In addition, the following instruction was given over Green's objection:

"Although the jury may believe from the evidence that the defendant, David L. Green, on September 2, 1971, in Daviess County, Kentucky, had the authority or duty to enter the storehouse of Philpott's Barber Shop, aforesaid, for purposes within the scope of his duties as a police officer, if the jury should believe, from the evidence, beyond a reasonable doubt, that the defendant, David L. Green, on the day and date aforesaid broke and entered the said storehouse for the purpose of carrying out a previously formed design to steal, you shall find the defendant guilty of storehouse breaking as charged in the indictment and fix his punishment at confinement in the penitentiary for not less than one year nor more than five years, in your discretion."

The jury found Green guilty under this instruction.

Green contends that he had a "right" and a "duty" as a police officer to enter the shop when he found the back door unlocked, and that a person having a general right of entry, although he may have a predetermined intent to steal, can never be guilty of storehouse breaking. We do not agree.

■ Green, by opening the closed door and entering the shop, did break and enter. Rayburn v. Commonwealth, Ky., 474 S.W.2d 405 (1971). Under the evidence and unusual circumstances in the instant case, it was for the jury to determine if the breaking and entering was felonious. A peace officer's right of entering a storehouse is predicated on protection of the owner's property. This does not give an officer the right to open a closed door and enter a storehouse with the intent to steal. The trial court instructed the jury that though Green had the right to enter the shop, if he entered with the intent to steal the jury could find him guilty of storehouse breaking. When Officer Green entered the shop "for the purpose of carrying out a previously formed design to steal" he shed his official immunity at the door and broke and entered feloniously. The jury so found. The instruction given by the trial court under the evidence and unusual circumstances in the instant case was not erroneous.

■ The trial court instructed the jury on petit larceny. Green objected to this instruction. Though it may have been error in this case to give the petit larceny instruction with a storehouse-breaking instruction, we hold the error harmless, because Green was not convicted under the petit larceny instruction. This being harmless error, the failure of the trial court to instruct as to the degree of the offense under RCr 9.56 was also harmless. We doubt that Green would have complained about this instruction if the jury had found him guilty of petit larceny instead of storehouse breaking.

■ Green contends that the trial court erred in failing to entertain his defense of entrapment and erred in refusing to submit the question of entrapment to the jury. The officers by setting up the "stake-out" did not entice or induce Green to enter the shop. He entered for his own purposes, of his own volition, and under no inducement on the part of his fellow officers to commit a crime. In order for the actions of Green's fellow officers to constitute entrapment, the officers must have done something that would have caused Green to violate the law when he would not otherwise have done so. Shanks v. Commonwealth, Ky., 463 S.W.2d 312 (1971); Dumon v. Commonwealth, Ky., 488 S.W.2d 343 rendered November 3, 1972. Green was not entitled to the de-

fense of entrapment or to an instruction embracing this defense.

Green was not entitled to a directed verdict of acquittal. The evidence presented by the Commonwealth was more than sufficient to incriminate Green. In Bradley v. Commonwealth, Ky., 465 S.W. 2d 266 (1971), we said, "It is only where the testimony on behalf of the Commonwealth fails to incriminate the accused, or is wholly insufficient to show guilt, that a directed verdict of acquittal should be given."

The judgment is affirmed.

All concur.