John Richard **LUTTRELL**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

James Brownlow **SULLIVAN**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

Supreme Court of Kentucky.

June 10, 1977.

Amelia Franklin Adams, Asst. Public Defender, Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant Luttrell.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Asst. Atty. Gen., Frankfort, for appellee.

William P. Croley, Louisville, for appellant Sullivan.

LUKOWSKY, Justice.

The appellants were indicted by a Jefferson County grand jury for attempted murder of a police officer, assault in the first degree, and unauthorized use of a motor vehicle. KRS 506.010(4)(a); KRS 507.020; KRS 508.010, KRS 514.100. Count one of the indictment alleged: "That on or about the 21st day of December 1975, in Jefferson County, Kentucky, both the named defendants committed the offense of criminal attempt (sic) murder of a police officer by shooting Robert Phillips, a member of the Louisville Police Department."

Since attempted murder and first degree assault are both Class B felonies and are composed of similar (though not identical) elements, the Commonwealth elected to try them for attempted murder and unauthorized use of a motor vehicle. A jury convicted them of both charges. Luttrell was sentenced to 20 years for the attempted murder and 12 months for the unauthorized use. Sullivan was sentenced to 10 years for the attempted murder and 12 months for the unauthorized use. They appeal.

The factual picture which emerged at the trial was based largely upon a statement that Sullivan gave to the Louisville police and upon incriminating admissions that Luttrell made to his friends, a Mr. and Mrs. Curtis. Luttrell, age 25, and Sullivan, age 17, wanted to drive from Jeffersonville, Indiana to Louisville, Kentucky one Sunday afternoon to get a six pack of beer. Luttrell entered an automobile that belonged to a stranger and opened the door for Sullivan. Sullivan got in and Luttrell drove to Louisville. Sullivan discovered a .38 caliber revolver which belonged to the owner of the car. He opened the cylinder and pulled out a ".38 slug," put the bullet back in the chamber, and showed the gun to Luttrell.

In Louisville, police officer Robert Phillips stopped the vehicle because Luttrell had run a stop sign. Luttrell got out of the car and walked toward the officer's car. He saw that the police car was furnished with a computer which he knew could be used to trace license plates. Officer Phillips asked Luttrell for his driver's license. Luttrell told him that he would have to get it out of the car. He returned to the car and told Sullivan to "shoot him", the police officer. Sullivan got the gun out and handed it to Luttrell. Luttrell spun around and shot Officer Phillips in the chest. The officer fired one shot at the fleeing automobile. One block later the fleeing automobile was involved in a traffic accident, and Luttrell and Sullivan escaped.

Officer Phillips was hospitalized for five days. He was off work recuperating for approximately six weeks. Fortunately for Officer Phillips, the pistol's chamber which was discharged had been loaded with bird shot and his wounds were superficial.

Officer Gerald Beavers of the Louisville Police Department, with the assistance of Officer Phillips, made a composite drawing of the man who had shot Phillips. Having seen the composite drawing, a Jeffersonville police officer suggested that Luttrell was suspect. Officer Phillips identified Luttrell at a "picture lineup" and, after Luttrell's arrest, at a regular lineup.

Sullivan was arrested with Luttrell. Having been apprised of his constitutional rights, he made a voluntary admission which incriminated him and Luttrell. A "sanitized" version of his statement in which references to Luttrell were deleted was admitted into evidence at trial as impliedly permitted by *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Luttrell had made incriminating statements to two of his

friends, Mr. and Mrs. Curtis. Both testified against him, and copies of the statements they had given the police were admitted into evidence at trial.

Both appellants contend that it was reversible error for the trial judge to fail to give instructions they tendered on assault in the second degree. KRS 508.020. Sullivan also contends that he was entitled to an instruction on criminal facilitation. KRS 506.080.

KRS 505.020(2) provides: "A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission."

KRS 508.020(1)(b) provides that a person is guilty of assault in the second degree when "he intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument; . . .". Physical injury is defined in KRS 500.-080(13) to be substantial physical pain or any impairment of physical condition. A person is guilty of attempted murder when, with the intent to kill someone, he takes a substantial step toward killing him. KRS 506.010(1)(b); KRS 507.020. Assault in the second degree requires a state of mind, an act and a result, physical injury. Attempted murder requires only a state of mind and an act. It has no injury element.

∎ The defendants in this case were charged in the indictment with the at-

tempted murder of a police officer "by shooting Robert Phillips." While the indictment alleges an attempted murder it also alleges an assault in the second degree. If the defendants shot Robert Phillips in an attempt to kill him they caused him physical injury and used a deadly weapon. One cannot be shot in an attempt to kill without being physically injured or without use of a deadly weapon. Consequently, proof of the facts charged in the indictment establish the commission of both offenses. Under these circumstances assault in the second degree is a lesser included offense because it is established by proof of the same or less than all the facts required to establish the commission of attempted murder and it differs from attempted murder only in respect that a lesser kind of culpability suffices to establish its commission.

An instruction on a lesser included offense should not be given unless the evidence is such that a reasonable juror could doubt that the defendant is guilty of the crime charged but conclude that he is guilty of the lesser included offense. *Muse v. Commonwealth,* Ky., 551 S.W.2d 564 (decided April 1, 1977).

While a reasonable juror might doubt that these defendants intended to kill Officer Phillips because of Luttrell's direction to Sullivan to "shoot" not "kill" Phillips, a reasonable juror could conclude that these defendants fired at Phillips not intending to kill him but intending only to injure him to the extent necessary to effect their escape. The question of whether intent to kill or intent to injure should be inferred from the evidence is one that should have been presented to the jury via an instruction on assault in the second degree. Reversal and a new trial are required.

At a new trial an instruction on assault in the first degree need not be given because the evidence is not sufficient to support a conviction of that offense. The elements of assault in the first degree are the same as those of assault in the second degree except that serious physical injury must result. KRS 508.010(1)(a). Serious physical injury is defined by KRS 500.080(15) to be physical

injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ. While Officer Phillips suffered from his wounds he was not seriously injured in the statutory sense.

██ KRS 506.080 provides that a person is guilty of criminal facilitation ". . when, acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for commission of the crime and which in fact aids such person to commit the crime." The example used in Palmore, Instructions to Juries, Sec. 907 (1975), to illustrate when this instruction should be given is in the case of one who sells a gun to another whom he knows is going to use it in committing a crime. KRS 502.020 provides that a person is guilty of a substantive offense committed by another where with intention of promoting or facilitating the commission of the offense, he "Aids, counsels, or attempts to aid such person in planning or committing the offense . .". The example used in Palmore, Instructions to Juries, Sec. 913 (1975), to illustrate when this instruction should be given is in the case of one who aids or assists another in an unlawful shooting by handing him a gun.

Sullivan would be guilty of criminal facilitation if he furnished Luttrell with the means of committing a crime *knowing that he would use it to commit a crime but without intention to promote or contribute to its fruition.* He is guilty of the substantive offense by complicity if he furnished the means of committing the crime *intending to aid in the commission of the crime.* Under these circumstances criminal facilitation is a lesser included offense because it has the same elements except that the state of mind required for its commission is less culpable that the state of mind required for commission of the other offenses.

While a reasonable juror might doubt that Sullivan acted as a principal, because of the age difference between Sullivan and Luttrell and the difference between the levels of activity of Sullivan and Luttrell, a reasonable juror could conclude that Sullivan acted as a facilitator. Consequently, at the new trial Sullivan is entitled to instructions on criminal facilitation of attempted murder and assault in the second degree.

A number of irregularities occurred during the trial. Because there will be a new trial, we find it prudent to comment on them so that they will not be repeated.

██ In final argument the prosecutor inadvertently read Luttrell's name while quoting from Sullivan's "sanitized" statement. *Bruton v. United States,* supra, prohibits such contamination.

██ Discovery proceedings required the Commonwealth to produce the composite drawing of Luttrell for examination by defense counsel. For some reason the Commonwealth failed to do so. As a result the trial judge refused to permit it to be introduced into evidence. To bridge this gap the Commonwealth had its police artist draw a new composite drawing in the courtroom in the presence of Luttrell and the jury while he related what Officer Phillips had told him about his assailant's appearance. We are unable to perceive either the logic or the legal relevance of this demonstration. Presumably by the time this case is retried the defense will have had the opportunity to examine the original drawing. It will then qualify for admission into evidence and there will be no conceivable need for a "performing" artist.

██ In final argument Luttrell's attorney inadvertently commented upon Sullivan's failure to testify. KRS 421.225 provides "In any criminal or penal prosecution the defendant, on his own request, shall be allowed to testify in his own behalf, but his failure to do so shall not be commented upon or create any presumption against him." In *Collins v. Commonwealth,* Ky., 396 S.W.2d 318 (1965) we held that this language precluded the defendant's attorney from explaining during final argument why his client had not testified. In *Green v. Commonwealth,* Ky., 488 S.W.2d 339

(1972) we held that a defendant was not entitled to a "no inference" instruction because this statute prohibited anyone from commenting on the defendant's failure to testify. It seems to us that the same limitation should apply with equal vigor to counsel for a co-defendant. We also point out that because a co-defendant's attorney may not comment on the accused's failure to testify, the possibility of such comment does not constitute a ground for separate trial. *United States v. McKinney*, C.A. 6th, 379 F.2d 259 (1967).

The written statements given by Mr. and Mrs. Curtis to the Louisville police were admitted into evidence at the trial. There was no showing that Mr. and Mrs. Curtis lacked independent recollection of Luttrell's statements or that their memories could not have been refreshed by examining their statements. The witnesses gave no evidence which contradicted their statements. We are unable to conjure up a theory which supports the admission of these documents. Lawson, Kentucky Evidence Law Handbook, Sec. 8.80 (1976). *Jett v. Commonwealth,* Ky., 436 S.W.2d 788 (1969).

The judgment is reversed and the cause is remanded for a new trial.

CLAYTON, JONES, LUKOWSKY and PALMORE, JJ., concur.

REED, C. J., concurs in the result being of the opinion that the errors other than the failure to give Luttrell an instruction on second degree assault were sufficient to warrant reversal as to both appellants.

STEPHENSON and STERNBERG, JJ., dissent.

STEPHENSON, Justice, dissenting.

I respectfully dissent from the majority opinion for the reason that I believe it is illogical. The second-degree assault instruction required here is based solely on the less than serious wounds received by the police officer. The majority opinion recognizes that had the chest wound been serious, by statutory definition, a first-degree assault instruction would have been re-

quired, not for the benefit of the appellant since the penalty is the same, but for the benefit of the Commonwealth. Had Luttrell fired at the officer and missed, there would be no additional instruction required other than the instruction given by the trial court in the circumstances presented here. The reasoning leading to the result in the majority opinion, based on the less than serious wound, is unsound. I find this result particularly distressing when the wounding of the police officer was less than serious by the pure happenstance of the round being loaded with birdshot, a condition not known by the appellants.

Further, I believe the majority opinion ignores the well-settled law in this Commonwealth that instructions given in a criminal case are based upon the evidence.

The majority opinion pays lip service to this concept by citing *Muse.* However, the appellants did not testify as to any exculpatory circumstance or intention on their part so as to justify finding guilt of a lesser charge. And the statement that a reasonable juror could conclude that the appellants fired at the officer not intending to kill him, but intending only to injure him to the extent necessary to effect their escape, based upon Luttrell's direction to Sullivan to "shoot," not saying "kill" the officer, approaches fantasy. The victim here was an armed police officer. We are not in the business of conjuring up speculative inferences to give a jury the opportunity to reduce the penalty for a criminal act. Neither Luttrell nor Sullivan testified. Why should we read possible exculpatory reasons into a scenario where Luttrell directed Sullivan to shoot the police officer and then fired into the officer's chest? How a reasonable juror could from this record conclude no intent to kill, but only intent to injure in order to effect an escape is beyond my comprehension. The officer is alive only because the round in the pistol's chamber was loaded with birdshot unbeknownst to the appellants. By the same token, I do not believe an instruction on criminal facilitation for Sullivan is required. There is no evidence or reasonable inference from the

evidence in this record upon which to base an instruction on second-degree assault or criminal facilitation. In the absence of some testimony by the appellants upon which the instruction could be based, I object strongly to this court manufacturing speculative reasons for the appellants. This record portrays a cold-blooded attempt to murder a police officer without a single mitigating circumstance. For the foregoing reasons I dissent.

The evidence of guilt of the offense charged here is overwhelming to the point of being conclusive. The other assigned errors are, in my opinion, harmless beyond a reasonable doubt.

STERNBERG, J., joins in this dissent.