**H.D. MORRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 88–CA–2655–MR.

Court of Appeals of Kentucky.

Feb. 23, 1990.

Lowell W. Lundy, Barbourville, for appellant.

Frederic J. Cowan, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Frankfort, for appellee.

Before McDONALD and WILHOIT, JJ., and WHITE, Special Judge.

WILHOIT, Judge.

This appeal is from a judgment of the Bell Circuit Court sentencing the appellant to five years' imprisonment upon a jury verdict finding him guilty of abuse of an adult in violation of KRS 209.990.

The appellant first argues that the indictment against him should have been dismissed because it did not set forth the essential facts constituting a specific offense and because it was duplicitous. He maintains that "the indictment did not clearly inform the defendant what he was to be tried for." RCr 6.10 provides that an indictment is sufficient if it contains a plain, concise and definite statement of the essential facts constituting the specific offense. The indictment here made reference to "KRS 209.990, Abuse of Adults" and went on to charge that the appellant "as a caretaker of Linda Wilson he did knowingly and willfully abuse, neglect and exploit her and in so doing caused her serious physical injury and death." The indictment plainly sets out essential facts constituting the offense denounced by KRS 209.990; viz, that the appellant knowingly and willfully abused, neglected and exploited the victim causing her serious physical injury. There is no merit to the argument that the indictment is duplicitous; it charges only one offense of causing serious physical injury to the victim, but by the different means of abuse, neglect, and exploitation. See RCr 6.10(3).

No attempt was ever made to convict the appellant of more than one offense. If the appellant had felt a need for further information concerning the particulars of the offense charged, then, of course, he could have filed a motion for a bill of particulars pursuant to RCr 6.22.

The appellant also complains that the jury was improperly instructed. The

instruction under which he was convicted provided for conviction if the jury believed beyond reasonable doubt that he had actual custody of the victim, and had assumed responsibility for her health and safety and while she was in his custody or under his control he knowingly and willfully:

(a) Injured her seriously

OR

(b) That he knowingly and willfully neglected Linda Wilson and permitted her or suffered her to be subjected to torture, cruel confinement and punishment, resulting in serious physical injuries to Linda Wilson.

AND

(c) That during this time Linda Wilson was either physically or mentally so helpless as to be unable to care for her own self.

This instruction was captioned "First Degree Criminal Abuse," and in most respects followed the elements set out in KRS 508.-100 defining that offense. First-degree criminal abuse, like the charge for which the appellant was indicted, is a Class C felony. The court also instructed on the lesser offenses of second and third-degree criminal abuse. Although the term "caretaker" was not used in any of the instructions, the jury was given the definition of that term found at KRS 209.020(6).

The instruction upon which the guilty verdict was based did not require that the jury find the appellant had assumed the responsibility of Linda Wilson voluntarily or by contract or agreement, see KRS 209.-020(6); however, it did require a finding that he had actual custody of her and had assumed responsibility for her health and safety. Such a finding is sufficient to comply with the statutory definition of "caretaker." The more difficult problem presented by the instruction is that it per-

mitted conviction upon a finding that the appellant had "knowingly and willfully neglected Linda Wilson and permitted or suffered her to be subjected to torture, cruel confinement and punishment." While first-degree criminal abuse is committed by one having custody of a person allowing another to abuse that person, see KRS 508.100 and *Commonwealth v. Chandler,* Ky., 722 S.W.2d 899 (1987), the offense established by KRS 209.990(2) appears to contemplate either the infliction of physical pain or injury on the adult victim by the caretaker himself, or by someone acting at his instigation, or the deliberate deprivation by the caretaker of services necessary to maintain the health and welfare of the victim. "Abuse or neglect" as used in KRS 209.-990(2) is defined at KRS 209.020(7), insofar as relevant to this case, to mean "the infliction of physical pain, injury, or mental injury, or the deprivation of services by a caretaker which are necessary to maintain the health and welfare of an adult...." The offense of abuse of an adult by a caretaker simply does not encompass a situation in which the caretaker permits, rather than instigates, a third person to cause injury.

We can only conclude that the instruction under which the appellant was convicted set out the elements of a distinct criminal offense from that for which the appellant was indicted and that he is entitled to a new trial in which the jury is properly instructed.

The judgment of the trial court is reversed and this matter is remanded for a new trial.

All concur.