Timothy TERRY, Petitioner–Appellant,

v.

John REES, Warden, Respondent–Appellee.

No. 92–5980.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 28, 1993.

Decided Feb. 8, 1993.

Order on Denial of Rehearing April 1, 1993.

Ned B. Pillersdorf (briefed), Pillersdorf & Derossett, Prestonsburg, KY, for petitioner-appellant.

Michael L. Harned, Asst. Atty. Gen. (briefed), Gerald Henry, Asst. Atty. Gen., Chris Gorman, Atty. Gen., Frankfort, KY, for respondent-appellee.

Before: KENNEDY and GUY, Circuit Judges; and BROWN, Senior Circuit Judge.

PER CURIAM.

Timothy Terry, a Kentucky prisoner serving a life sentence for murder, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. After exhausting his available state court remedies, Terry filed a habeas petition raising, *inter alia,* that the state court erred in denying his request for the appointment of an independent pathologist to determine the victim's cause of death. The district court ordered an independent pathologist's report pursuant to the procedures announced in *Williams v. Martin,* 618 F.2d 1021 (4th Cir.1980). After the independent pathologist concurred with the prosecution's expert as to the victim's cause of death, the district court concluded that any error was harmless and dismissed the petition as without merit. Terry has filed this timely appeal, which has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

I.

In August 1983, a jury convicted Terry of the beating death of fourteen-month-old Rebecca Mae Thomas. An autopsy of the victim disclosed multiple bruises over the entire body with several acute bruises (which occurred shortly before death) in

various areas of the head. Blood also covered the surface of the brain. Terry filed a direct appeal to the Supreme Court of Kentucky which affirmed his conviction, concluding that Terry's arguments were without merit.

Terry then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that: 1) his due process rights were violated when the trial court overruled his motion for funds to hire an independent pathologist to rebut the testimony of the prosecution's pathologist; 2) the trial court erred in denying his motion for a change of venue; 3) he was deprived of his right to a fair trial and effective counsel due to the "battling" between the trial judge and defense counsel; and 4) he was denied a fair and impartial jury.

The district court concluded that only Terry's claim concerning the appointment of an independent pathologist had merit. The district court ordered that the state trial court appoint an independent pathologist to review the medical evidence to see if the independent pathologist would agree with the prosecution's expert as to the victim's cause of death. Respondent appealed the district court's order and this court dismissed the appeal for lack of jurisdiction. 876 F.2d 895.

In April 1991, the independent pathologist issued his report in which he essentially agreed with the opinion of the prosecution's pathologist. In light of the report, the district court dismissed the petition as without merit concluding that the state court's error was harmless. On appeal, Terry argues that the district court erred in concluding that the denial of an independent pathologist prior to trial violated his constitutional rights.[1]

## II.

Upon de novo review, we conclude that Terry received a fundamentally fair trial. *See Lundy v. Campbell*, 888 F.2d 467, 469–70 (6th Cir.1989), *cert. denied*, 495 U.S. 950, 110 S.Ct. 2212, 109 L.Ed.2d 538 (1990).

Terry argues that he was deprived of effective assistance of counsel when the trial court denied his request for an independent pathologist. By being deprived of an independent pathologist prior to trial, Terry contends that he was denied his constitutional right to an effective defense.

Criminal trials are fundamentally unfair if a state proceeds against an indigent defendant without making certain that he has access to the raw materials integral to building a defense. *Ake v. Oklahoma*, 470 U.S. 68, 77, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53 (1985). Fundamental fairness entitles an indigent defendant to an adequate opportunity to present his claims fairly within the adversary system. *Id.* We concur with the district court that Terry was deprived of the opportunity to present an effective defense when he was denied an independent pathologist in order to challenge the government's position as to the victim's cause of death. Having concluded that Terry was improperly denied an independent pathologist, the next issue is whether the trial court's error was harmless.

Terry contends that the denial of an expert pathologist prior to trial cannot be considered harmless error based upon the opinion of a pathologist appointed after trial. The district court relied upon *Williams* to resolve the issue. In *Williams*, the Fourth Circuit addressed the exact issues presented in this case. The *Williams* court remanded the case with directions to appoint a pathologist to investigate the victim's death. The court held that if Williams could establish that the pathologist was necessary to his defense and that the expert might have affected the determination of the victim's cause of death, Williams would then be entitled to habeas relief. *Williams*, 618 F.2d at 1027. However, if the independent expert agreed with the opinion of the state expert as to

---

1. We note that Terry has not raised on appeal any issue regarding his claims that: 1) the trial court erred in denying his motion for a change of venue; 2) he was deprived of his right to a fair trial and effective counsel due to the "battling" between the trial judge and defense counsel; and 3) he was denied an impartial jury. Therefore, these claims are considered abandoned and are not reviewable on appeal. *See McMurphy v. City of Flushing*, 802 F.2d 191, 198–99 (6th Cir.1986).

the cause of death, *Williams* held that the state's earlier failure to appoint the independent expert would be harmless error. *Id.* We find *Williams* persuasive and endorse its procedure for resolving this issue in this Circuit.

Because the facts of *Williams* are identical to the facts of this case, the district court directed the state court to appoint an independent pathologist to determine the victim's cause of death. The independent expert, after reviewing the medical evidence, agreed with the state pathologist that the cause of death was due to blunt force trauma to the head and that the victim was subjected to repetitive child abuse with head injuries being the cause of death. Thus, the independent pathologist's opinion undermined the defense theory that the cause of death was due to an accidental fall. We therefore hold that the district court properly concluded under *Williams* that the denial of an independent pathologist prior to trial was harmless error. *Id.; see Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

Finally, Terry argues that the independent pathologist disagreed with the state pathologist to a sufficient degree that it could cause doubt in the jurors' minds as to the victim's cause of death, therefore, entitling him to habeas relief. In his report, Dr. Irvin Sopher, the independent pathologist, stated:

My only disagreement with the testimony involves page 340–341 where the subarachnoid hemorrhage of the right parietal region is attributed to a blow and not a fall on the basis of the coup/contrecoup phenomenon. Unlike cerebral contusions, subarachnoid hemorrhage does not necessarily follow the pattern of coup/contrecoup and therefore the subarachnoid hemorrhage in this particular case cannot be necessarily attributed to a blow versus a fall, however, the totality of the head and total body injury pattern is one of child abuse and not accidental trauma.

Contrary to Terry's position, Dr. Sopher stated that as a general principle, the subarachnoid hemorrhage does not always indicate a blow because it does not always follow the coup/contrecoup pattern. However, Dr. Sopher did not disagree with state pathologist's opinion that the hemorrhage was caused by a blow. Given that Dr. Sopher repeatedly concluded that the victim's injuries were due to child abuse and not accidental trauma, the report did not create any reasonable doubt as to the victim's cause of death. As such, the trial court's refusal to provide Terry with an independent expert prior to trial was harmless error.

Accordingly, the judgment of the district court is AFFIRMED. Rule 9(b)(3), Rules of the Sixth Circuit.

### ORDER

April 1, 1993.

Respondent seeks rehearing of this court's February 8, 1993 opinion affirming the district court's judgment dismissing Timothy Terry's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.

After careful consideration, the panel concludes that it acted under no misapprehension of law or fact in issuing its opinion. Fed.R.App.P. 40(a).

Accordingly, it is ORDERED that the petition for rehearing be, and it hereby is, denied.