14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John Stewart SEYMOUR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6386.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 W.D.Tenn., Nos. 92-02467, 91-20117 and 7-2-92; Jerome Turner, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 BEFORE: KEITH and NORRIS, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 4
 John Stewart Seymour, a pro se appellant, appeals the district court's denial of his motion to vacate or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 5
 Seymour was stopped for speeding while travelling through Memphis, Tennessee. During the subsequent search of the car, police officers discovered a small quantity of marijuana, approximately 12 grams of cocaine and a loaded pistol. The Federal Grand Jury returned an two count indictment charging Seymour with possession of cocaine with intent to distribute (count I), and with carrying or using a firearm during the commission of a drug offense in violation of 18 U.S.C. Sec. 924(c)(1) (count II). Pursuant to a plea agreement, Seymour plead guilty to the firearm charge (count II) and the trial court later dismissed count I on its own violation. The district court sentenced Seymour to a 60 month term of imprisonment and two years supervised release.
 
 
 6
 The issues raised in Seymour's Sec. 2255 motion were as follows: (1) the trial court erred by sua sponte dismissing the predicate drug offense named in his indictment; (2) the charges in the indictment were "multiplicitous;" and (3) his conviction under Sec. 924(c)(1) was invalid because he did not commit the underlying drug offense. In an amended motion, Seymour later alleged the wrong case number appeared on his indictment. The district court denied the motion, as amended, on July 1, 1992. Seymour appeals this judgment and has filed several motions seeking appointment of counsel, pauper status, an electronic recording of his appearances before the trial court, and review of his grand jury transcripts.
 
 
 7
 Seymour raises no discernible argument on appeal regarding the trial court's dismissal of his drug charges, the alleged multiplicity in his indictment or the alleged misnumbering of his indictment. He has, therefore, abandoned these claims for purposes of appellate review. See Terry v. Rees, 985 F.2d 283, 284 n. 1 (6th Cir.1993) (per curiam).
 
 
 8
 In his remaining claim, Seymour argues that his Sec. 924(c)(1) conviction for using or carrying a firearm during a drug offense was invalid because the underlying predicate offense was dismissed. He also argues that he did not commit the underlying drug offense. The question of whether a Sec. 924(c)(1) conviction can stand where the predicate drug offense has been dismissed is one of first impression in the Sixth Circuit. We decline to reach this question, however, because Seymour did not file a direct appeal from his conviction and a Sec. 2255 motion is not a substitute for a direct appeal. Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989). Thus, the Supreme Court requires a showing of cause to excuse the failure to raise the claim on direct appeal and of actual prejudice from the alleged error. See United States v. Frady, 456 U.S. 152, 167-68 (1982). The district court properly denied Seymour's motion because he has not established cause regarding his claim.
 
 
 9
 Seymour also argues three other points: (1) the United States violated his plea agreement by failing to recommend at sentencing a downward departure pursuant to U.S.S.G. Sec. 5K1.1; (2) his counsel was ineffective; and (3) he mistakenly believed that he was pleading guilty for being a felon in possession of a firearm. These claims were similarly not effectively presented below and we will not consider them for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 10
 Seymour alleges certain of the above claims were addressed fully in a second amended motion to vacate which he mailed to the district court on June 23, 1993. It is undisputed, however, that the district court never received such pleading. Moreover, Seymour did not obtain leave of court to file a second amended motion as required by Fed.R.Civ.P. 15(a).
 
 
 11
 Accordingly, all of Seymour's motions are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation