51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert STAMPER, Petitioner-Appellant,
v.
Walt CHAPLEAU, Warden, Respondent-Appellee.
 No. 94-6044.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1995.
 
 1
 Before: JONES and SILER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Robert Stamper, a Kentucky pro se prisoner, appeals a district court judgment dismissing his habeas corpus action filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 After a jury trial, Stamper was convicted of murder and sentenced to forty years imprisonment. Subsequent to Stamper's direct criminal appeal and his Ky.R.Crim.P. 11.42 proceedings, Stamper filed his current habeas corpus petition raising the following four grounds for relief:
 
 
 4
 1) The trial court erred in failing to instruct the jury on the lesser included offense of manslaughter.
 
 
 5
 2) The trial court erred in refusing to provide petitioner with funds for reasonably necessary expert witnesses.
 
 
 6
 3) Petitioner was denied a fair trial by an impartial jury as a result of a communication between a prosecution witness and a juror.
 
 
 7
 4) Petitioner received ineffective assistance of counsel by trial counsel's failure to litigate the question of speedy trial as petitioner was incarcerated for 600 days prior to his trial in February 1988.
 
 
 8
 A magistrate judge considered the merits of Stamper's claims and recommended denying habeas corpus relief. After de novo review in light of Stamper's objections, the district court adopted the magistrate judge's recommendation and dismissed the case.
 
 
 9
 On appeal, Stamper continues to argue the merits of his case. However, as to his last claim, Stamper merely argues that he was denied his right to a speedy trial, rather than counsel was ineffective for failing to pursue Stamper's right to a speedy trial.
 
 
 10
 Upon review, we conclude that the district court properly dismissed Stamper's habeas corpus action because he has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 11
 Stamper alleged that the trial court erred in failing to give a jury instruction on the lesser included offense of manslaughter. A jury instruction on a lesser included offense is required under the Due Process Clause only when the evidence would warrant a finding of guilt on the lesser included offense, and an acquittal on the greater offense. United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991). A claim for failure to so instruct in a noncapital case is reviewable in a habeas corpus action only if the failure is an error resulting in a miscarriage of justice or if the failure constitutes an omission inconsistent with the rudimentary demands of fair procedure. Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.) (plurality opinion) (en banc), cert. denied, 496 U.S. 929 (1990). Under Kentucky law, an instruction on a lesser included offense should not be given unless the evidence is such that a reasonable juror could doubt that the defendant is guilty of the crime charged but conclude that he is guilty of the lesser included offense. Luttrell v. Commonwealth, 554 S.W.2d 75, 78-79 (Ky.1977). There was simply no error in this regard, and the facts of this case demonstrate that the trial court did not err when it did not give a jury instruction on the lesser included offense of manslaughter.
 
 
 12
 Next, Stamper argues that the trial court erred when it refused to provide the petitioner with funds "for reasonably necessary expert witnesses to test and evaluate the physical evidence in this case." Criminal trials are fundamentally unfair if a state proceeds against an indigent defendant without making certain that he has access to the raw materials integral to building a defense. Ake v. Oklahoma, 470 U.S. 68, 77 (1985); Terry v. Rees, 985 F.2d 283, 284 (6th Cir.1993) (per curiam). Stamper has not shown that the trial court's refusal to provide all the expert assistance requested denied him a fundamentally fair trial, and Stamper had an adequate opportunity to present his claims fairly within the adversary system. Terry, 985 F.2d at 284.
 
 
 13
 Petitioner was not denied a fair trial by an impartial jury as a result of a communication between a prosecution witness and a juror. Any error in this regard was cured by the trial court after a hearing in the judge's chambers, and the incident did not result in prejudice to Stamper.
 
 
 14
 Lastly, we note that in his habeas petition, Stamper argued that he received ineffective assistance of counsel due to counsel's failure to pursue Stamper's rights to a speedy trial. On appeal, Stamper essentially argues that he was denied his right to a speedy trial. The court does not have to consider Stamper's speedy trial claim because it was not first raised in the district court and because no exceptional circumstances exist that warrant this court's review of the issue. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Furthermore, Stamper has abandoned his ineffective assistance of counsel claim because he did not raise this claim in his brief on appeal which primarily indicated that he was denied his right to a speedy trial, not that counsel was ineffective because he did not adequately pursue Stamper's speedy trial rights. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Nonetheless, Stamper's ineffective assistance of counsel claim is without merit because petitioner has not shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the results unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 15
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation