NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 16a0196n.06

Case No. 15-3300

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 07, 2016

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DAVID B. CLINKSCALE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| WARDEN, LEBANON CORRECTIONAL | ) | OHIO |
| INSTITUTION, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: BOGGS, SILER, and BATCHELDER, Circuit Judges.

BOGGS, Circuit Judge. David Clinkscale received three separate jury trials involving the shootings of Kenneth Coleman and Todne Williams. Each jury found Clinkscale guilty of aggravated murder, attempted aggravated murder, kidnapping, aggravated robbery, and aggravated burglary. The first judgment was vacated by the Sixth Circuit due to ineffective assistance of counsel, *Clinkscale v. Carter*, 375 F.3d 430, 446 (6th Cir. 2004), and the second judgment was vacated by the Supreme Court of Ohio because the trial court improperly replaced a juror who became ill during deliberations, *State v. Clinkscale*, 911 N.E.2d 862, 863 (Ohio 2009).

After Clinkscale was convicted of the same crimes for the third time, he exhausted his state-court remedies and petitioned the United States District Court for the Southern District of

Ohio for a writ of habeas corpus, seeking to have his third judgment vacated. The district court denied his petition and issued a certificate of appealability on the following question: "Is the Petitioner entitled to habeas corpus relief under *Ake v. Oklahoma*, 470 U.S. 68 (1985), in view of the trial court's denial of his request for funds to hire an investigator?" On appeal, Clinkscale argues that the trial court's denial of his request for funds violated *Ake*. He claims that without the funds, he could not afford to pay an investigator to locate a key witness, Brian Fortner; therefore, the trial court's denial of funds deprived him of due process.

Under the Antiterrorism and Effective Death Penalty Act of 1996, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings," unless one of two conditions is satisfied. 28 U.S.C. § 2254(d). The adjudication must either have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Because Clinkscale argues that the trial court violated *Ake*, we evaluate his claim under § 2254(d)(1).

In *Ake*, the Supreme Court held that an indigent defendant must be given a psychiatric expert when his sanity is a significant issue in a capital case. 470 U.S. at 86–87. This circuit has held that *Ake* requires the provision of an independent pathologist to determine a victim's cause of death, *Terry v. Ress*, 985 F.2d 283, 284 (6th Cir. 1993), and the Eighth Circuit has held that *Ake* requires the provision of a hypnosis expert to explain the problems with hypnotically induced recollections, *Little v. Armontrout*, 835 F.2d 1240, 1243 (8th Cir. 1987). In each of

these cases, the defendant sought access to a scientific expert. Here, instead, Clinkscale sought funds for a general investigator. While the Tenth Circuit has considered claims involving the denial of funds for an investigator, none of those cases held that the denial violated *Ake*. *See Rojem v. Gibson*, 245 F.3d 1130, 1139 (10th Cir. 2001); *Castro v. Ward*, 138 F.3d 810, 826 (10th Cir. 1998); *Matthews v. Price*, 83 F.3d 328, 335 (10th Cir. 1996).

*Ake* did not expressly establish a right to funds for a general investigator, and the Supreme Court said as much in *Caldwell v. Mississippi*, 472 U.S. 320 (1985). In that case, Caldwell argued that the trial court was required to appoint an investigator to assist him with his defense. *Id.* at 323 n.1. The Supreme Court declined to address the issue because the argument was insufficiently developed and stated that "[w]e therefore have no need to determine as a matter of federal constitutional law what if any showing would have entitled a defendant to assistance of the type sought here." *Ibid.* *Caldwell* confirmed that *Ake* did not specifically address the issue of whether indigent defendants are entitled to an investigator.

*Ake* did state more generally that defendants are entitled to the "basic tools of an adequate defense." 470 U.S. at 77 (quoting *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)). In this case, however, the trial court's denial of funds did not prevent Clinkscale from putting on an adequate defense. Clinkscale received public funds for an investigator in his first two trials. *Clinkscale*, 375 F.3d at 434 (discussing first trial); *State v. Clinkscale*, No. 10AP–1123, 2011 WL 6202436, at *1 (Ohio Ct. App. Dec. 13, 2011) (discussing second trial). His first investigator interviewed Brian Fortner and noted that "Fortner confirmed that Clinkscale spent the evening with him." *Clinkscale*, 375 F.3d at 434. Clinkscale therefore knew that Fortner could have served as an alibi witness long before he began to prepare for his third trial, and his defense attorney should have been able to locate Fortner without a publicly funded investigator.

As such, the trial court's denial of funding did not deny Clinkscale the basic tools of an adequate defense in violation of *Ake*.

The district court's denial of Clinkscale's petition is AFFIRMED.