Estil JOHNSON, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Court of Appeals of Kentucky.

May 13, 1977.

Discretionary Review Denied
Sept. 13, 1977.

David W. Lamar, Owensboro, for appellant.

Robert F. Stephens, Atty. Gen., Guy Shearer, Asst. Atty. Gen., Frankfort, for appellee.

Before HOGGE, WINTERSHEIMER and VANCE, JJ.

VANCE, Judge.

Appellant was convicted of selling alcoholic beverages in violation of local option laws. This appeal raises the question of entrapment.

The conviction was based upon the testimony of a seventeen-year-old high school student, the son of a peace officer, who, in cooperation with police authorities, purchased a six-pack of beer from appellant. Appellant did not testify. The pertinent testimony of the young man who made the purchase was as follows:

"XQ. When you got there, did you knock on the door or did you stay in your car or what happened?

A. When I pulled up, he was out so I got out of the car.

XQ. Who said something to who first?

A. He said, 'What do you need?' And I told him six Strohs.

XQ. He asked what you needed?

A. Yes, sir.

XQ. And you said you wanted six Strohs?

A. Yes, sir.

XQ. And what did he say?

A. 'Okay'."

KRS 505.010, which became effective January 1, 1975, provides as follows:

"(1) A person is not guilty of an offense arising out of proscribed conduct when:

(a) He was induced or encouraged to engage in that conduct by a public servant or by a person acting in cooperation with a public servant seeking to obtain evidence against him for the purpose of criminal prosecution; and

(b) At the time of the inducement or encouragement, he was not otherwise disposed to engage in such conduct.

(2) The relief afforded by subsection (1) is unavailable when:

(a) The public servant or the person acting in cooperation with a public servant merely affords the defendant an opportunity to commit an offense; or

(b) The offense charged has physical injury or the threat of physical injury as one of its elements and the prosecution is based on conduct causing or threatening such injury to a person other than the person perpetrating the entrapment.

(3) The relief provided a defendant by subsection (1) is a defense."

By the provisions of this statute, as under our case law before its enactment, an essential ingredient of entrapment is a showing that the defendant was induced by police authorities, or someone acting in cooperation with them, for the purpose of obtaining evidence for prosecution, to commit an act which he was not otherwise disposed to commit. When the authorities only afford the defendant an opportunity to commit the offense it is not entrapment. See *Dumon v. Commonwealth,* Ky., 488 S.W.2d 343 (1972) and *Delaney v. Commonwealth,* Ky., 520 S.W.2d 747 (1975).

We find nothing in the new criminal code which changes the law of the defense of entrapment.

We think the testimony shows that appellant was ready and willing to commit the offense charged. The only thing the police did was to afford him an opportunity.

The judgment is affirmed.

All concur.