Kelly SEBASTIAN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Aug. 10, 1979.

Stephen T. McMurtry, Covington, for appellant.

Robert F. Stephens, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before HOGGE, HOWERTON and VANCE, JJ.

HOWERTON, Judge.

Sebastian appeals from a conviction in the Kenton Circuit Court for trafficking in a controlled substance and the imposition of an $8,000.00 fine. Sebastian contends that the trial court erred in refusing to instruct the jury on his defense of entrapment.

Bobby Combs, a narcotics informant for the Commonwealth, owed Sebastian an old debt of $200.00. When Sebastian requested payment, Combs refused, but informed him that he could obtain his money by delivering a packet of drugs to Combs' business partner, Ron Burgess. Burgess was an officer for the Northern Kentucky Drug Enforcement Unit. Sebastian made the delivery to Burgess at Combs' house. He was thereafter charged with trafficking. Sebastian has had no previous involvement in drug trafficking.

KRS 505.010, provides:

(1) A person is not guilty of an offense arising out of proscribed conduct when:

(a) He was induced or encouraged to engage in that conduct by a public servant or by a person acting in cooperation with a public servant seeking to obtain evidence against him for the purpose of criminal prosecution; and

(b) At the time of the inducement or encouragement, he was not otherwise disposed to engage in such conduct.

Sebastian's theory of the case is that the Commonwealth purchased and supplied the drugs, that he was induced or encouraged to deliver the drugs which he would not otherwise have done, and that the encouragement came from an informant who was cooperating with a drug enforcement officer of the Commonwealth. Sebastian did not offer to make any deliveries or perform any service, but he did make the requested delivery from Combs to Burgess in order to receive the money owed to him by Combs.

We conclude that Sebastian was at least entitled to an instruction on his defense of entrapment. Failure to give such an instruction constitutes reversible error.

■ The Commonwealth argues that the instruction offered by Sebastian only mentioned that the drugs were purchased by an agent of the Drug Enforcement Unit and not that they were also furnished by an agent of the same unit. The fact that Combs was an informant and working with the agent was established by the testimony, however. We have considered this argument in light of *Long v. Commonwealth*, Ky., 559 S.W.2d 482 (1977), RCr 9.54(2), and the record, and we must conclude that Sebastian's theory of a defense of entrapment has been properly preserved for consideration on this appeal. The trial judge refused to instruct on entrapment on the basis of KRS 505.010(2)(a), and not because Sebastian's proposed instruction was improper.

■ KRS 505.010(2)(a) provides that the defense of entrapment is unavailable when the public official merely provides the opportunity for the commission of a crime. It could be argued that Sebastian was only provided with the opportunity to commit the crime rather than encouraged to do so with the inducement of recovering his $200.00. It is a general rule, however, that the criminality of an act depends on whether the criminal intent originated in the mind of the entrapping person or in the mind of the accused. When the criminal intent originates with the accused, the fact that an opportunity is provided is no defense. *Scott v. Commonwealth*, 303 Ky. 353, 197 S.W.2d 774 (1946). The question of whose mind initiated the criminal intent should be left to the jury, and it appears that Sebastian has presented a plausible defense, especially since he has no history of trafficking in drugs. His situation is totally different from a known bootlegger who is encouraged to make an illegal sale of alcoholic beverages by a police officer. The bootlegger has or gets the merchandise and is ready and willing to make the criminal sale; he merely sells to the wrong person.

The judgment of the trial court is reversed and this case is remanded for a new trial.

All concur.