John FUSTON, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 19, 1986.

J. Campbell Cantrill III, Georgetown, for appellant.

David L. Armstrong, Atty. Gen., Virgil W. Webb III, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

John Fuston, Jr., appeals from his conviction in the Warren Circuit Court of trafficking in a Schedule I non-narcotic controlled substance for which he received a sentence of five years' imprisonment. The evidence at trial showed that acting with two codefendants, the appellant sold ten pounds of marijuana to undercover police officers.

The only question raised on appeal is whether the trial court erred in failing to give a requested instruction on entrapment which would have permitted the jury to find the appellant had been entrapped by either an undercover police officer or an informant working with the officer. The court did instruct on entrapment, but only with respect to the detective. KRS 505.-010(1)(a) makes the defense of entrapment available, provided other requirements are

met, when an accused has been induced or encouraged to engage in criminal conduct by a public servant "or by a person acting in cooperation with a public servant seeking to obtain evidence against [the accused] for the purpose of criminal prosecution...."

The evidence favoring the appellant's claim that he was entrapped by the informant is briefly summarized as follows: Kentucky State Police officers were engaged in a narcotics investigation and asked the informant to introduce people in the area who would sell large quantities of drugs to a detective. The informant contacted the appellant and told him that if the appellant could find someone to give the appellant "some pot to sell," the informant knew a man who would buy it for a lot more than it was worth. The informant then arranged a meeting between the appellant and an undercover detective, at which he introduced the appellant to the detective. The detective asked the appellant if he could get him a pound of marijuana, for which he would pay $800.00. The appellant was unable to locate a pound but did locate an ounce, for which he received $100.00. The next night the appellant located a pound of marijuana and it was sold to the officer. The officer then discussed with appellant the possibility of buying ten pounds of marijuana for $5,000.

After this, the appellant testified the informant came to his house "pretty near every night" for about a week and a half and called him on the telephone frequently "to talk me into doing it." He also testified:

> Well, he [the informant] kept talking to me about, we could make big money, you know, doing it, and I kept telling him that "I don't know because it would be a lot of trouble if we got caught in doing this" or something, and he kept telling me, "You need the money, you ain't got no job and you've got a family and a kid to support and this would be a good way to get the money for them."

The appellant stated that, finally, after thinking about it and still being unable to find a job, "I went ahead and done it."

 We believe that this evidence was certainly sufficient to create a jury question as to whether the appellant was induced or encouraged by the informant to sell the ten pounds of marijuana. *See* KRS 505.010(1)(a). However, in addition to the two previous sales to the undercover officer, the appellant admitted that he had made 15 or 20 other sales of small quantities of marijuana "[w]ithin the last three months, probably." These facts would seem to destroy his claim to the defense of entrapment since he must establish not only inducement or encouragement, but also that "[a]t the time of the inducement or encouragement, he was not otherwise disposed to engage in such conduct." KRS 505.010(1)(b). The effect of this provision of the statute is "to deny the defense of entrapment to individuals who regularly engage in criminal conduct." KRS 505.010 Commentary (1974). *See also Shanks v. Commonwealth*, Ky., 463 S.W.2d 312 (1971). Our statute reflects the view that the defense of entrapment is available only in those instances in which a police officer or his confederate implants in the mind of an innocent person, the disposition to violate the law, not in those instances in which a person already having in mind to violate the law is induced to do so again. *Cf. Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249 (1932); *Butler v. United States*, 191 F.2d 433 (4th Cir.1951).

The failure to give an instruction which was not warranted could not be error; therefore, we affirm the judgment of the trial court.

All concur.