886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willard D. GROSS, Petitioner-Appellant,
v.
Ralph EVITTS, Warden, Respondent-Appellee.
 No. 89-5123.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Willard D. Gross was found guilty on two counts of possession of a falsely made or embossed credit card (Ky.Rev.Stat. Sec. 434.630) and as a persistent felony offender (Ky.Rev.Stat. Sec. 532.080). He was sentenced to two concurrent ten year terms of imprisonment.
 
 
 4
 As grounds for federal habeas relief, Gross alleged an illegal search at the time of his arrest and ineffective assistance of counsel based on his attorney's failure to pursue an entrapment defense. On consideration of respondent's motion for summary judgment, the magistrate determined that review of Gross's fourth amendment claim was barred by Stone v. Powell, 428 U.S. 465 (1976), and that Gross was not entitled to an entrapment defense. The magistrate recommended that the petition be dismissed. Upon de novo review in light of Gross's objections, the district court adopted the magistrate's recommendation and dismissed the petition.
 
 
 5
 Upon review we conclude that the petition was properly dismissed. As noted by the district court, Gross was provided a full and fair opportunity to litigate his fourth amendment claim. Therefore, this claim is not reviewable in a petition for a writ of habeas corpus. See Stone, 428 U.S. at 494.
 
 
 6
 Second, Gross did not establish a claim for ineffective assistance of counsel on grounds that counsel failed to pursue a reasonable defense. As a matter of state law, Gross was not entitled to the entrapment defense. See, e.g., Johnson v. Commonwealth, 554 S.W.2d 401 (Ky.App.1977). Therefore, Gross failed to demonstrate a deficiency in counsel's performance and a reasonable probability that but for the deficiency the outcome would have been different. See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation