COMMONWEALTH of Kentucky, Appellant,

v.

Billy Joe DAY, Appellee.

No. 97–SC–662–DG.

Supreme Court of Kentucky.

Jan. 21, 1999.

A.B. Chandler, III, Attorney General, Frankfort, KY, Matthew D. Nelson, Assistant Attorney General, Frankfort, KY, for appellant.

Cullen Gault, Lexington, KY, for appellee.

COOPER, Justice.

Appellee Billy Joe Day was indicted by a Pulaski County Grand Jury on two charges of trafficking in a controlled substance in the first degree. The indictments were premised upon transactions which occurred between Appellee and Nora Ison on March 21 and March 25, 1993. Following a trial by jury, Appellee was acquitted with respect to the

March 21, 1993 transaction, but convicted and sentenced to five years imprisonment with respect to the March 25, 1993 transaction. On appeal, the Court of Appeals reversed and remanded for a new trial, holding that the trial judge erred in not instructing the jury on (1) the defense of entrapment and (2) possession of a controlled substance and criminal facilitation as lesser included offenses. We granted discretionary review.

Ison was employed as a confidential informant for the Somerset Police Department. As such, she used money provided by the police to purchase controlled substances from suspected drug dealers for the purpose of obtaining evidence to be used in the subsequent prosecution of those persons. She and Appellee had known each other since childhood. Ison testified that on March 20, 1993, she saw Appellee in Somerset and solicited him to sell her an ounce of cocaine. Arrangements were made to meet the following day at the K–Mart parking lot in Somerset to conclude the transaction. The meeting took place as scheduled on March 21. According to Ison, Appellee told her he had been unable to obtain an ounce of cocaine, but he did sell her an "eight ball" and a gram of cocaine for $350 .00. Ison admitted that Appellee was accompanied by Sheila Thomas on that occasion, but claimed Thomas did not participate in the transaction. Ison then told Appellee that she still needed an ounce of cocaine and arrangements were made for her to call Appellee at his home in Leslie County to arrange a second transaction.

Ison telephoned Appellee at his Leslie County residence on March 24, 1993 and arrangements were made to meet again at the K–Mart parking lot in Somerset on the following day. On March 25, Ison met Appellee as agreed, gave him $900.00 to obtain the cocaine, and arranged to meet him later at another location to complete the transaction. The rendezvous occurred as planned and Appellee delivered the cocaine to Ison. Ison secretly tape-recorded the March 21 and March 25 transactions, as well as the March 24 telephone call. The recordings were introduced at trial to verify her version of these events.

Appellee testified that he had previously had a sexual relationship with Ison and that they had used drugs together in the past. He claimed that he was not in Somerset at all on March 20, 1993; that Ison had arranged to purchase some cocaine from Sheila Thomas, but Thomas did not want to deal directly with Ison; and that Appellee agreed to accompany Thomas to Somerset on March 21 to act as intermediary. According to Appellee, when they arrived at the K–Mart parking lot, Thomas handed him the "eight ball" and the gram of cocaine, which he then handed to Ison; and that Ison handed him the $350.00, which he then handed to Thomas. Ison then offered Appellee a "line" of the cocaine, which he accepted.

Appellee essentially agreed with Ison's version of the March 25 transaction. However, he maintained that he would not have participated in the transaction except for Ison's request; and that he acceded to her request only because of their prior sexual relationship and because he was "strung out" on drugs at the time. He admitted that the person from whom he obtained the cocaine paid him $50.00 for his trouble, but claimed that the payment was both unexpected and unsolicited. He testified that although he had purchased and used controlled substances in the past, he had never before sold or transferred any controlled substances to another person.

## I. ENTRAPMENT.

KRS 505.010 provides in pertinent part as follows:

(1) A person is not guilty of an offense arising out of proscribed conduct when:

(a) He was induced or encouraged to engage in that conduct by a public servant or by a person acting in cooperation with a public servant seeking to obtain evidence against him for the purpose of criminal prosecution; and

(b) At the time of the inducement or encouragement, he was not otherwise disposed to engage in such conduct.

(2) The relief afforded by subsection (1) is unavailable when:

(a) The public servant or the person acting in cooperation with a public serv-

ant merely affords the defendant an opportunity to commit the offense;

. . .

(3) The relief provided a defendant by subsection (1) is a defense.

■■■ The defense of entrapment is available when there is evidence that the defendant was induced by police authorities, or someone acting in cooperation with them, to commit a criminal act which he was not otherwise disposed to commit. *Johnson v. Commonwealth*, Ky.App., 554 S.W.2d 401, 402 (1977). Even though the defendant admittedly committed the offense, if the criminal design was conceived in the mind of a government agent, who then induced or lured the defendant into its commission, strong public policy estops the government from convicting him for it. *Sorrells v. United States*, 287 U.S. 435, 445, 53 S.Ct. 210, 214, 77 L.Ed. 413 (1932). As with any other "defense" under the penal code, once the defendant introduces enough evidence to create a doubt, the burden of proof shifts to the Commonwealth and there must be an instruction so casting it. KRS 500.070(3); *Brown v. Commonwealth*, Ky., 555 S.W.2d 252, 257 (1977). Ison admitted that she induced and encouraged Appellee to engage in the criminal conduct for which he was indicted. The only issue was whether Appellee was otherwise disposed to engage in that conduct so that Ison merely afforded him the opportunity to commit the offense. Put another way, the criminality of Appellee's act "depends on whether the criminal intent originated in the mind of the entrapping person or in the mind of the accused." *Sebastian v. Commonwealth*, Ky.App., 585 S.W.2d 440, 441 (1979).

■■■ The jury was instructed on entrapment as a defense with respect to the March 21 transaction, but not with respect to the March 25 transaction. The trial judge reasoned that while Appellee's testimony that he had never before sold or transferred a controlled substance might prove entrapment with respect to the first offense, he must have been predisposed to commit the second

offense, because "the second time he had done it before, because he did it the first time."[1] However, the fact that Appellee was entrapped by Ison to commit the first offense, as the jury seemingly must have found, does not require a conclusion that he was not likewise entrapped by Ison to commit the second offense. The United States Supreme Court recently held that where the government has induced an individual to break the law and the defense of entrapment is raised, the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by government agents. *Jacobson v. United States*, 503 U.S. 540, 549, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992). While Appellee's acquittal of the first charge did not require an acquittal of the second, neither does his admission that he was entrapped to commit the first offense require a conclusion that *as a matter of law* he was predisposed to commit the second. Although evidence of prior similar transactions is relevant to prove predisposition, *Sorrells v. United States, supra*, 287 U.S. at 451–52, 53 S.Ct. at 216, the question of whose mind initiated the criminal intent is a question of fact to be submitted to the jury. *Id.,* 287 U.S. at 452, 53 S.Ct. at 216; *Sebastian v. Commonwealth, supra*, at 441. To the extent *Fuston v. Commonwealth*, Ky.App., 721 S.W.2d 734 (1986) holds otherwise, it is overruled. The Commonwealth's reliance on *Johnson v. Commonwealth*, Ky.App., 554 S.W.2d 401 (1977) is misplaced. The undisputed evidence in that case was that the defendant, who was charged with bootlegging, made the initial solicitation to sell alcoholic beverages to the undercover informant.

## II. LESSER INCLUDED OFFENSES.

■■■ An instruction on a lesser included offense is required only if, considering the totality of the evidence, the jury could have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that he is guilty of the lesser offense. *Webb v. Commonwealth*,

---

1. Although Appellant denied selling cocaine, he admitted transferring cocaine from Thomas to Ison, which was sufficient to constitute the offense of trafficking in a controlled substance in the first degree. KRS 218A.1412; KRS 218A.010(24).

Ky., 904 S.W.2d 226 (1995); *Skinner v. Commonwealth*, Ky., 864 S.W.2d 290 (1993). A lesser included offense is one which includes the same or fewer elements than the primary offense. KRS 505.020(2)(a); *Wombles v. Commonwealth*, Ky., 831 S.W.2d 172, 175 (1992). This does not require a strict "statutory elements approach," so long as the lesser offense is established by proof of the same or less than all of the facts required to establish the commission of the charged offense. *Perry v. Commonwealth*, Ky., 839 S.W.2d 268, 272 (1992). Appellee admitted transferring the cocaine to Ison on both occasions. Thus, he could not have been convicted of possession of a controlled substance. Any possession which may have occurred prior to the transfer may have been a separate uncharged offense, but was not a fact necessary to prove the charged offense. Nor could Appellee have been convicted of criminal facilitation, which is committed when a defendant, with no intent to promote or commit the crime himself, provides the means or opportunity for another to do so. KRS 506.080; *Skinner v. Commonwealth, supra.*

▮ In holding otherwise, the Court of Appeals relied on its prior decision in *Farris v. Commonwealth*, Ky.App., 836 S.W.2d 451, 454 (1992), which held under facts identical to those in this case that both possession and criminal facilitation are lesser included offenses of trafficking. In *Houston v. Commonwealth*, Ky., 975 S.W.2d 925, 931 (1998), we overruled *Farris* to the extent that it held that criminal facilitation is a lesser included offense when the defendant is charged with trafficking in a controlled substance.[2] While possession of a controlled substance would be a lesser included offense of trafficking under a different factual scenario, such is not the case under the facts presented either here or in *Farris*. To that extent, we overrule *Farris* on that point as well.

The opinion of the Court of Appeals is affirmed insofar as it holds that Appellee was entitled to an instruction on the defense of entrapment, but is reversed insofar as it holds that Appellee was entitled to instructions on possession and criminal facilitation as lesser included offenses. Accordingly, this case is remanded to the Pulaski Circuit Court for a new trial at which, if the evidence is the same, the jury shall be instructed on the defense of entrapment.

LAMBERT, C.J.; GRAVES, JOHNSTONE, STEPHENS, and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in result only without a separate opinion.

---

2. Generally, criminal facilitation is a lesser included offense when the defendant is charged with being an accomplice to an offense, not the principal offender. *E.g., Chumbler v. Commonwealth*, Ky., 905 S.W.2d 488 (1995); *Webb v. Commonwealth*, Ky., 904 S.W.2d 226 (1995).