Gregory DILLMAN

v.

COMMONWEALTH of Kentucky.

No. 2007–CA–000455–MR.

Court of Appeals of Kentucky.

June 6, 2008.

Donald H. Morehead, Assistant Public Morehead, Steven J. Buck, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, James C. Maxson, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER and THOMPSON, Judges; GRAVES,[1] Senior Judge.

## OPINION

THOMPSON, Judge.

Gregory Dillman appeals his conviction in the Pulaski Circuit Court for two counts of trafficking in a controlled substance in the first degree. For the reasons set forth herein, we affirm.

On February 10, 2005, Beverly Morgan, a confidential informant wearing an audio recording device, purchased two methadone tablets from Dillman for eighty dollars. On March 24, 2005, Morgan, wearing an audio recording device, purchased from Dillman one-half of an oxycodone tablet for sixty dollars.

On March 22, 2006, Dillman was indicted for two counts of trafficking in a controlled substance, first-degree. Following a jury trial, Dillman was found guilty on both counts and sentenced to twelve years' imprisonment. This appeal followed.

---

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

■ Dillman first contends his Fifth Amendment privilege against self-incrimination was violated. Specifically, he contends the trial court impermissibly ordered him to answer a question from the prosecutor regarding an unindicted crime. We disagree.

■ The Fifth Amendment to the United States Constitution provides that a defendant cannot be compelled to incriminate himself by his own testimonial communications. *Varble v. Commonwealth*, 125 S.W.3d 246, 253 (Ky.2004). However, when a defendant decides to testify in his own defense, he subjects himself to the rigors of cross-examination and must answer all questions relevant to the prosecution of the case. *Lumpkins v. Commonwealth*, 425 S.W.2d 535, 536 (Ky.1968).

During trial, Dillman exercised his constitutional right to testify in his own defense. Although admitting that he had obtained oxycodone for Morgan, he testified that he was merely a middleman in the transaction and sold the oxycodone to her "at cost" simply to provide drugs to a friend and fellow drug addict. During cross-examination, Dillman was asked to identify the person who supplied him with oxycodone. After Dillman invoked the Fifth Amendment, the trial court ordered him to disclose the identity of his supplier over his objection.

Dillmans privilege against compelled self-incrimination was not violated. After Dillman testified that he was merely a non-profit middleman, the trial court properly permitted the prosecutor to inquire into the nature of Dillmans middleman status, which included the identity of his supplier. Dillmans own testimony placed the prosecutors question within the scope of relevancy.

Dillman next contends that the trial court erred by admitting evidence against him of uncharged crimes and bad acts despite the Commonwealths failure to provide him with reasonable pretrial notice in violation of Kentucky Rules of Evidence (KRE) 404(b) and (c). He also alleges that the evidence was inadmissible under KRE 404(b). We disagree.

■ Generally, as provided in KRE 404(b) and (c), the Commonwealth cannot produce evidence of crimes and bad acts other than the crimes charged in the indictment. *O'Bryan v. Commonwealth*, 634 S.W.2d 153, 156 (Ky.1982). However, when a defendants testimony introduces the prior bad acts, he is precluded from claiming that the prosecutors use of the prior conduct constitutes inadmissible evidence. *Thompson v. Commonwealth*, 648 S.W.2d 538, 539 (Ky.App.1983). Dillmans testimony introduced the prior conduct that he now seeks to declare inadmissible. While we do not seek to discourage such a sacred right, these are the perils of testifying in ones own defense.

Dillman also contends that the Commonwealth was improperly permitted to ask him whether or not he made a statement to police in 2002 that he sold drugs for profit. He further points out that he was not provided with reasonable pre-trial notice regarding the Commonwealths intention to introduce this evidence.

During cross-examination, Dillman testified, I don't sell drugs, I just picked that up for her [Morgan]. After Dillman agreed that he had taken Morgans money in exchange for drugs, Dillman testified that he believed trafficking or selling only occurs when drugs are sold for profit. The prosecutor then asked Dillman if he was in it for the money. Dillman replied, No, I work.

After requesting a bench conference, the prosecutor informed the court that he sought to introduce Dillmans 2002 statement to police in which he stated that he

was acquiring particular drugs because he could make a three hundred percent profit. After Dillman voiced his objections, the trial court ruled that the evidence was admissible under two different legal theories.

First, the trial court ruled that Dillmans assertion of the entrapment defense permitted the introduction of his past statement to establish a pre-disposition to commit drug trafficking for profit. Second, the trial court ruled that the past statement was admissible to rebut Dillmans trial testimony that he does not sell drugs for profit.

■ We believe that the trial court incorrectly admitted the statement as evidence of Dillman's pre-disposition in regard to his entrapment defense. A defendant may assert an entrapment defense, which if successful would exonerate him from criminal liability, if he was induced by police or their agent to commit a crime for which he was not otherwise predisposed to commit. *Johnson v. Commonwealth*, 554 S.W.2d 401, 402 (Ky.App.1977). When a defendant has met his evidentiary burden of establishing this defense, the Commonwealth may demonstrate that a defendant originated or was otherwise disposed to engage in the criminal conduct prior to being induced by a government agent by introducing evidence of a defendants past similar criminal conduct. *Wyatt v. Commonwealth*, 219 S.W.3d 751, 757 (Ky.2007).

■ Notwithstanding its ability to introduce past criminal conduct, the Commonwealths evidence of such conduct cannot be so remote that the probative worth of the evidence is outweighed by the prejudice to the defendant. *Gray v. Commonwealth*, 843 S.W.2d 895, 897 (Ky.1992). Fundamental fairness requires that a jury's verdict be predicated on the particular crime charged in the indictment and not prior

bad conduct dovetailed to the charged offense with the effect of emphasizing a general criminal disposition. *Robey v. Commonwealth*, 943 S.W.2d 616, 618 (Ky.1997).

■ We conclude that Dillman's assertion of an entrapment defense was not sufficient to support the introduction of his prior unsworn out-of-court statement. Dillman's prior statement was made several years prior to the dates he committed the charged offenses. The introduction of the prejudicial prior statement substantially outweighed its probative value. However, we conclude that Dillman "opened the door" for the introduction of his prior statement, and therefore, affirm the trial court.

Dillman testified that he did not sell drugs for profit. This testimony could have been interpreted to state that Dillman never sold drugs for profit at any time in his life. However, he told police something different in 2002. Thus, evidence of Dillman's prior statement could be introduced to rebut and impeach his trial testimony. *Ernst v. Commonwealth*, 160 S.W.3d 744, 762 (Ky.2005).

■ With respect to Dillman's contention that the introduction of his prior statement violated the notice requirement of KRE 404(c), we conclude that there was no error. Although the Commonwealth did not disclose its possession of evidence regarding this statement during pre-trial proceedings, it disclosed its intention to introduce the prior statement after hearing the defense's opening statement.

Under the circumstances, the Commonwealth did not violate the notice requirement of KRE 404(c). As demonstrated to the trial court, the Commonwealth acted in as prudent a manner as possible under the circumstances. The Commonwealth disclosed the prior statement at the earliest

feasible time in which it believed the evidence was relevant.

■ Dillman next contends that the trial court erred when it failed to exclude evidence of his unindicted crime and past bad act due to prejudice. Specifically, even if this evidence was otherwise admissible, Dillman contends its probative value was substantially outweighed by the danger of undue prejudice as prohibited by KRE 403. We disagree.

KRE 403 provides the following:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

In making an evidentiary determination under KRE 403, the trial court's ruling will be reviewed for abuse of discretion. *Partin v. Commonwealth*, 918 S.W.2d 219, 222 (Ky.1996). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999).

First, as previously noted, Dillman cannot contest the introduction of his oxycodone purchase because he originated this testimony. Secondly, even though extremely prejudicial, the Commonwealths inquiry regarding Dillmans 2002 statement to police was in direct rebuttal to his denial of selling drugs for profit. The prosecution is granted latitude to prove its case with competent evidence, and defendants cannot determine the facts they do not want the jury to receive. *Page v. Commonwealth*, 149 S.W.3d 416, 420 (Ky.2004). Accordingly, the trial court properly admitted the evidence and Dillman was not unduly prejudiced.

■ Dillman next contends that the trial court erred by failing to instruct the jury on criminal facilitation to commit trafficking in a controlled substance. Based on the testimony at trial, Dillman contends that the evidence compelled an instruction on criminal facilitation because the jury could reasonably find him guilty of the offense.

■ A trial court must instruct the jury on the whole law of the case, which includes instructions applicable to every legal issue supported to any extent by the evidence. *Holland v. Commonwealth*, 114 S.W.3d 792, 802 (Ky.2003). We conclude that the trial court did not commit error by not instructing the jury on facilitation because Dillman did not present a sufficient evidentiary foundation. Unlike being a mere facilitator, he was an active participant in the commission of drug trafficking. *Thompkins v. Commonwealth*, 54 S.W.3d 147, 150–151 (Ky.2001); *see also Commonwealth v. Day*, 983 S.W.2d 505, 508 (Ky.1999)(holding that facilitation instructions were not warranted under similar facts as this case).

For the foregoing reasons, the judgment of the Pulaski Circuit Court is affirmed.

ALL CONCUR.