Scottie ROBERTS, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2012–SC–000528–MR.

Supreme Court of Kentucky.

Sept. 26, 2013.

Steven Jared Buck, Assistant Public Advocate, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

A Leslie Circuit Court jury found Appellant, Scottie Roberts, guilty of Manufacturing Methamphetamine, Possession of a Defaced Firearm, Use of or Possession with Intent to Use Drug Paraphernalia, Second–Degree Possession of a Controlled Substance, and Fourth–Degree Controlled Substance Endangerment to a Child. For these crimes, Appellant was sentenced to a total of twenty-two years' imprisonment and assessed $1,500 in fines. He now appeals as a matter of right, Ky. Const. § 110(2)(b), alleging that the trial court erred by (1) failing to instruct the jury on Facilitation to Manufacturing Methamphetamine, (2) failing to instruct the jury on Unlawful Possession of a Methamphetamine Precursor, and (3) levying fines upon an indigent defendant. We now affirm in part and vacate in part.

## I. BACKGROUND

In the early morning hours of June 6, 2011, police arrived at Appellant's home where Appellant and four other people had been using drugs. It is unclear why the

police were at Appellant's home.[1] All five individuals told police that they used and would test positive for methamphetamine. Moreover, Appellant admitted that items found inside the house were used in the manufacture of methamphetamine, but neither Appellant nor any of the other occupants of the home admitted to taking part in the manufacturing process.

Police collected several items related to the manufacture of methamphetamine outside Appellant's house, in the living room, and in the kitchen. Among the items seized were ephedrine and three tobacco cans containing salt. Other items in the home were described as consistent with being part of a recent "cook."[2] The jury convicted Appellant on all counts.

## II. ANALYSIS

### A. Failure to Instruct Jury on Facilitation to Manufacturing Methamphetamine

■ Appellant first argues that the trial court erred to his substantial prejudice when it denied defense counsel's request for a jury instruction On Criminal Facilitation as a lesser included offense to Manufacturing Methamphetamine. Specifically, Appellant contends that there was no

evidence proving that *he* was involved in the manufacturing process, and that a jury could reasonably have concluded that he was indifferent to the principal crime.[3] This issue is preserved.

Although both parties' briefs assume, without discussion, that Criminal Facilitation is a lesser included offense of the principal offense—in this case, Manufacturing Methamphetamine—we have previously held that that is not the case. *Houston v. Commonwealth*, 975 S.W.2d 925, 930 (Ky.1998). In *Houston*, the appellant argued that he was entitled to an instruction on Criminal Facilitation as a lesser included offense to both Trafficking and Possession of a Controlled Substance. *Id.* at 929–30. We disagreed, initially noting that "[t]he fact that the evidence would support a guilty verdict on a lesser uncharged offense does not establish that it is a lesser included offense of the charged offense." *Id.* at 930 (*citing Whalen v. Commonwealth*, 891 S.W.2d 86 (Ky.App.1995); *Hart v. Commonwealth*, 768 S.W.2d 552 (Ky.App.1989)).

Lesser included offenses are governed by KRS 505.020 which provides, in pertinent part;

---

1. The record on appeal is incomplete as approximately twenty-eight minutes of video is missing from the beginning of trial. Appellant attempted to secure the missing video from the Leslie County Circuit Clerk but the video was unavailable. He has elected not to supplement the record with a narrative statement. Missing from the record is any indication as to what brought law enforcement to Appellant's home and the nature of the initial contact, as well as the full extent of the items seized.

2. For example, the Drug Enforcement Special Investigations officer assigned to decontaminate the scene testified that he collected a glass jar containing clear liquid and a lithium strip. He explained how combining a lithium strip with certain liquids causes a chemical reaction necessary to extract ephedrine or pseudoephedrine from its pill form. Additionally, he described a photograph of the crime scene as depicting a clear bottle with solids, probably fertilizer, at the bottom. He explained that fertilizer is a common source of ammonia used in manufacturing methamphetamine.

3. Two of the other four people in Appellant's home were living with him at the time of the events in question. Appellant contends that the jury could have reasonably concluded that any one (or some combination) of the other four people in the house was manufacturing methamphetamine and that he was wholly indifferent to the actual completion of the crime.

(2) A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

As in *Houston*, "[s]ubsections (b), (c) and (d) have no application to the facts of this case. Thus, the inquiry is whether the inchoate offense of criminal facilitation is established by proof of the same or less than all the facts required to establish the commission of" the crime charged—here, Manufacturing Methamphetamine. 975 S.W.2d at 930. Simply put, it is not.

An instruction for Manufacturing Methamphetamine requires proof that Appellant *himself* knowingly and unlawfully committed the offense. KRS 218A.1432.[4] "The offense of criminal facilitation requires proof that someone other than the defendant committed the object offense and the defendant, knowing that such person was committing or intended to commit that offense, provided that person with the means or opportunity to do so." *Houston*, 975 S.W.2d at 930 (*citing* KRS 506.080(1)).[5] "Thus, criminal facilitation requires proof not of the same or less than all the facts required to prove the charged offense[ ] ..., but proof of additional and completely different facts. A *fortiori*, it is not a lesser included offense when the defendant is charged with committing ... the object offense[ ]." *Id.*[6] *See also Commonwealth v. Day*, 983 S.W.2d 505, 509 n. 2 (Ky.1999) ("Generally, criminal facilitation is a lesser included offense when the defendant is charged with being an accomplice to an offense, not the principal offender.").[7]

---

**4.** KRS 218A.1432 provides, in pertinent part: (1) A person is guilty of manufacturing methamphetamine when he knowingly and unlawfully:
(a) Manufactures methamphetamine; or
(b) With intent to manufacture methamphetamine possesses two (2) or more chemicals or two (2) or more items of equipment for the manufacture of methamphetamine.

**5.** KRS 506.080(1) provides: "A person is guilty of criminal facilitation when, acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime." (Emphasis added).

**6.** In *Houston*, we went on to note that our conclusion was "in accord with the general view of those states with criminal facilitation statutes that the offense is not a lesser included offense of an object offense." *Id.* (*citing Arizona v. Gooch*, 139 Ariz. 365, 678 P.2d 946 (1984)); *Arizona v. Garcia*, 176 Ariz. 231, 860 P.2d 498 (Ariz.Ct.App.1993); *New York v. Luther*, 61 N.Y.2d 724, 472 N.Y.S.2d 614, 460 N.E.2d 1099 (1984); R. Lawson and W. Fortune, *Kentucky Criminal Law* § 7–5(c), p. 303 (LEXIS 1998).

**7.** When the defendant is charged with *complicity* to the object offense pursuant to KRS 502.020(1), Criminal Facilitation can be a lesser included offense "because it has the same elements except that the state of mind required for its commission [ (knowledge) ] is less culpable than the state of mind [ (intent) ] required for commission of the other [complicity] offenses." *Luttrell v. Commonwealth*, 554 S.W.2d 75, 79 (Ky.1977). *See also Chum-*

Because Criminal Facilitation is not a lesser included offense of Manufacturing Methamphetamine, Appellant was not entitled to a Criminal Facilitation jury instruction. Thus, the trial court did not err by denying Appellant's request.

## B. Failure to Instruct the Jury on Unlawful Possession of a Methamphetamine Precursor

 Appellant next argues that the trial court erred to his substantial prejudice when it did not *sua sponte* give a jury instruction on Unlawful Possession of a Methamphetamine Precursor [8] as a lesser included offense of Manufacturing Methamphetamine.[9] Although this issue is unpreserved, Appellant requests that we review for palpable error. RCr 10.26. Under the palpable error standard, an unpreserved error may be noticed on appeal only if the error is "palpable" and "affects the substantial rights of a party," and even then relief is appropriate only "upon a determination that manifest injustice has resulted from the error." *Id.* "[W]hat a palpable error analysis 'boils down to' is whether the reviewing court believes there is a 'substantial possibility' that the result in the case would have been different without the error." *Brewer v. Commonwealth,* 206 S.W.3d 343, 349 (Ky.2006) (citations omitted).

 "An instruction on a lesser included offense is required if the evidence would permit the jury to rationally find the defendant not guilty of the primary offense, but guilty of the lesser offense." *Thomas v. Commonwealth,* 170 S.W.3d 343, 349 (Ky.2005) (*citing Commonwealth v. Wolford,* 4 S.W.3d 534, 539 (Ky.1999); *Smith v. Commonwealth,* 737 S.W.2d 683, 687 (Ky.1987)). However, as we recently stated, "[t]he general rule ... is that '[t]he trial court is required to instruct the jury on lesser included offenses *when requested* and justified by evidence.'" *Bartley v. Commonwealth,* 400 S.W.3d 714, 731 (Ky. 2013) (*citing Miller v. Commonwealth,* 283 S.W.3d 690, 699 (Ky.2009) (*citing Martin v. Commonwealth,* 571 S.W.2d 613 (Ky. 1978))). "It is not an error, however, palpable or otherwise, for the trial court not to instruct on a lesser included offense that has not been requested." *Id.* (*citing Commonwealth v. Varney,* 690 S.W.2d 758, 759 (Ky.1985); RCr 9.54(2)).[10]

Thus, because Appellant did not request an instruction on Possession of a Metham-

bler *v. Commonwealth,* 905 S.W.2d 488, 499 (Ky.1995); *Webb v. Commonwealth,* 904 S.W.2d 226, 229 (Ky.1995). Under KRS 502.020(1), "[a] person is guilty of an offense committed by another person when, with the *intention* of promoting or facilitating the commission of the offense, he" engages in any of the proscribed activities defined in that subsection. (Emphasis added.) Compare KRS 506.080(1), note 5 *supra.*

8. Pursuant to KRS 218A.1437(1): "A person is guilty of unlawful possession of a methamphetamine precursor when he or she knowingly and unlawfully possesses a drug product or combination of drug products containing ephedrine, pseudoephedrine, or phenylpropanolamine, or their salts, isomers, or salts of isomers, with the intent to use the drug product or combination of drug products as a precursor to manufacturing methamphetamine or other controlled substance."

9. *See* note 4 *supra*

10. RCr 9.54(2) provides: "No party may assign as error the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection." And, "where, as here, it is debatable whether a particular offense is a 'lesser included' adherence to RCr 9.54(2) is all the

phetamine Precursor, he is not entitled to relief on this issue.[11]

## C. Imposing Fines upon an Indigent Defendant

██ Finally, Appellant argues that he is an indigent person and the trial court therefore violated Kentucky law by imposing fines upon him; the Commonwealth does not contest this issue. And although this issue is unpreserved, it is a true "sentencing issue" which cannot be waived by failure to object. *See Jones v. Commonwealth,* 382 S.W.3d 22, 27–28 (Ky.2011); *Travis v. Commonwealth,* 327 S.W.3d 456, 459 (Ky.2010). "This Court will not be bound to affirm a sentence that violates a statute simply because no objection was made in the trial court." *Jones,* 382 S.W.3d at 28. Thus, we review for clear error. *See Travis,* 327 S.W.3d at 459 (applying clear error standard to unpreserved allegation of improper imposition of fines).

Appellant was convicted of three misdemeanor offenses: Possession of a Defaced Firearm, Use of or Possession with Intent to Use Drug Paraphernalia, and Second–Degree Possession of a Controlled Substance. For each, the jury recommended the maximum $500 fine; the trial court adopted this recommendation and fined Appellant a total of $1,500. We hold it clearly erred by doing so.

KRS 534.040(1) and (2) authorize the imposition of fines for misdemeanor convictions. However, KRS 534.040(4) specifically states: "Fines required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31." Because Appellant was provided court-appointed counsel pursuant to KRS 31.110(2)(b), and

was granted the right to appeal *in forma pauperis* pursuant to KRS 453.190, we may assume the trial court determined that he was an indigent person. *See Travis,* 327 S.W.3d at 459; *Simpson v. Commonwealth,* 889 S.W.2d 781, 784 (Ky.1994). Thus, the trial court's imposition of fines violated KRS 534.040(4) and was therefore clearly erroneous. Accordingly, we vacate that part of the trial court's judgment imposing fines for Appellant's misdemeanor convictions and remand to the trial court for entry of a new judgment consistent with this opinion.

## III. CONCLUSION

In conclusion, the judgment and sentence of the Leslie Circuit Court is affirmed, except for the portion thereof imposing fines, which is vacated and remanded to the trial court for entry of a new judgment consistent with this opinion.

All sitting. All concur.

---

more important." *Bartley,* 400 S.W.3d at 732.

**11.** This conclusion assumes that Possession of a Methamphetamine Precursor is, in fact, a

lesser included offense of Manufacturing Methamphetamine. *See* 1 William S. Cooper & Donald P. Cetrulo, *Kentucky Instructions to Juries, Criminal* §§ 9.11C–9.11G (5th ed.2006).