RENDERED: APRIL 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1553-MR

JONATHAN HOWELL                                                      APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.           HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 19-CR-00323

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

JONES, JUDGE: Jonathan Howell appeals from the Floyd Circuit Court's judgment and sentence of seven years' imprisonment following his convictions at a bench trial for charges relating to his escape from home incarceration. For the reasons set forth below, we affirm.

## I. BACKGROUND

On October 21, 2019, Howell was released from jail on bond with the condition that he was to be confined on home incarceration. The owner and director of East Kentucky Home Incarceration ("EKHI"), Lon May, explained Howell's contractual and legal obligations to him while on home incarceration, including that he was not permitted to leave the monitored location for unauthorized reasons and that tampering with his ankle monitor was unlawful. Howell initialed and signed a document indicating that he was aware of and understood the conditions of his pretrial release.

Howell's erstwhile paramour, Dr. Deborah Hall, had been a complaining witness in one of the cases leading to Howell's incarceration.[1] Nevertheless, because of her lingering affection for him, she had paid Howell's cash bond of $57,000. In addition, because there was a no-contact order between Howell and Dr. Hall, she took the additional step of renting an apartment for Howell to use during his period of home incarceration. Despite these tangible displays of affection, as well as the no-contact order, Howell suspected Dr. Hall was unfaithful to him and telephoned her the next day. Howell was obviously agitated during the call. Dr. Hall was aware of the no-contact order, but she was

---

[1] The details of the cases leading to Howell's home incarceration are not part of the record in this appeal.

also concerned about Howell's mental state, fearing he could present a danger to himself or others. She decided to drive to the apartment to check on Howell.

When Dr. Hall arrived, Howell cut his ankle monitor, took her car keys, and left the premises. Dr. Hall took the step of unplugging the home incarceration's base unit, knowing that doing so would trigger an alert at the home incarceration company. Howell's daughter then arrived at the apartment, and the two of them left the apartment in the daughter's vehicle and drove to Dr. Hall's home. At some point, after arriving at the house, Howell gained entry to the home by raising the garage door. As they heard the garage door opening, Dr. Hall and Howell's daughter left the house through the front door. When police arrived at Dr. Hall's home, they discovered Howell hiding under a bed. He was arrested and later indicted for second-degree escape,[2] tampering with a prisoner monitoring device,[3] and being a persistent felony offender.[4]

At trial, Howell elected to represent himself with the assistance of stand-by counsel.[5] He also specifically declined his right to a trial by jury. The

---

[2] Kentucky Revised Statute (KRS) 520.030, a Class D felony.

[3] KRS 519.070, a Class D felony.

[4] KRS 532.080.

[5] "The wording of Section 11 of the Kentucky Constitution, unlike that of the similar provision which appears in the United States Constitution, guarantees a criminal defendant the right: (1) to represent himself *pro se*; (2) to be represented by counsel; or (3) to have hybrid representation." *Deno v. Commonwealth*, 177 S.W.3d 753, 757 (Ky. 2005) (citations omitted).

Commonwealth called Mr. May to testify on its behalf. Mr. May testified that EKHI apprised Howell of the parameters of his home incarceration and Howell signed a document of acknowledgment. Mr. May indicated that he received an alert when Dr. Hall unplugged the monitoring device's base unit. The Commonwealth also presented testimony from Dr. Hall about her visit to Howell's apartment and its aftermath. Lastly, the Commonwealth called one of the responding officers; the officer testified about finding Howell hiding in Dr. Hall's home.

Howell did not present any evidence or testimony, and his cross-examination of the Commonwealth's witnesses consisted of questions regarding a purported conspiracy against him by Dr. Hall, Mr. May, and the Floyd County justice system. As part of this line of questioning, Howell attempted to elicit testimony to show that Dr. Hall told him to cut his ankle monitor and then told him that she would settle the matter with Mr. May.

At the conclusion of the evidence, Howell's stand-by counsel argued that Dr. Hall enticed or lured Howell into cutting the ankle monitor and asked for dismissal based on entrapment.[6] The trial court summarily denied the motion,

---

[6] Properly speaking, this was a motion for involuntary dismissal under Kentucky Rule of Civil Procedure (CR) 41.02(2). "A motion pursuant to CR 41.02(2) 'fulfills the same mid-trial function as a motion for a directed verdict [pursuant to CR 50.01] in a jury case.'" *Unbridled Holdings, LLC v. Carter*, 607 S.W.3d 188, 195 (Ky. App. 2020) (quoting *Morrison v. Trailmobile Trailers, Inc.*, 526 S.W.2d 822, 823 (Ky. 1975)).

stating that it found "no evidence of entrapment under the statute." The trial court subsequently found Howell guilty on all charges. On November 20, 2020, the trial court entered its final judgment sentencing Howell to a concurrent three-year term for second-degree escape and tampering with the monitoring device, which was then enhanced to a term of seven years' imprisonment by virtue of the second-degree persistent felony offender conviction. This appeal followed.

## II. ANALYSIS

Howell presents two related arguments on appeal, both stemming from the trial court's denial of Howell's motion for involuntary dismissal. First, he submits the trial court erroneously failed to make factual findings when it summarily denied his motion to dismiss. Howell argues that pursuant to CR 52.01, "the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.]" In this case, the trial court denied the motion based on a finding that the statutory basis for entrapment was not met, and Howell argues this was insufficient under CR 52.01. However, the Commonwealth correctly points out that the Rules of Criminal Procedure (RCr) take precedence over the Civil Rules when they apply. "The Rules of Civil Procedure shall be applicable in criminal proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure." RCr 13.04. Here, the

trial court conducted a bench trial in a criminal proceeding and, in so doing,

triggered RCr 9.26(2):

> In a case tried without a jury the court shall make a
> general finding and shall in addition, *on request made
> before the general finding*, find the facts specially. Such
> findings may be oral. If an opinion or memorandum of
> decision is filed, it will be sufficient if the findings of fact
> appear in it.

(Emphasis added.) An examination of the record confirms that neither Howell nor

the Commonwealth requested specific factual findings, and the trial court was not

obligated to supply such findings without a request being made. Since no request

for specific findings was made, the trial court did not err.

For Howell's second argument, he contends the trial court erroneously

denied his motion to dismiss based on entrapment. Kentucky's codification of the

entrapment defense is found in KRS 505.010:

> (1) A person is not guilty of an offense arising out of
> proscribed conduct when:
>
> > (a) He was induced or encouraged to engage in
> > that conduct by a public servant or by a person
> > acting in cooperation with a public servant seeking
> > to obtain evidence against him for the purpose of
> > criminal prosecution; and
> >
> > (b) At the time of the inducement or
> > encouragement, he was not otherwise disposed to
> > engage in such conduct.
>
> (2) The relief afforded by subsection (1) is unavailable
> when:

> (a) The public servant or the person acting in cooperation with a public servant merely affords the defendant an opportunity to commit an offense; or

> (b) The offense charged has physical injury or the threat of physical injury as one (1) of its elements and the prosecution is based on conduct causing or threatening such injury to a person other than the person perpetrating the entrapment.

> (3) The relief provided a defendant by subsection (1) is a defense.

Howell argues that he was not predisposed to cut his ankle monitor, and that Dr. Hall convinced him to do so with her assurances that she would talk to Mr. May and the local authorities on his behalf. However, Howell fails to demonstrate how Dr. Hall is a "public servant or a person acting in cooperation with a public servant" for entrapment purposes under the statute when the record instead reflects her status as a private citizen. "A defendant may assert an entrapment defense, which if successful would exonerate him from criminal liability, *if he was induced by police or their agent* to commit a crime for which he was not otherwise predisposed to commit." *Dillman v. Commonwealth*, 257 S.W.3d 126, 129 (Ky. App. 2008) (emphasis added) (citing *Johnson v. Commonwealth*, 554 S.W.2d 401, 402 (Ky. App. 1977)). Simply put, there was a dearth of evidence to show that Dr. Hall's alleged actions were undertaken in concert with law enforcement. Moreover, the predicate facts underlying Howell's

entrapment defense were disputed by Dr. Hall's testimony in chief. Accordingly, we cannot agree that the evidence was so overwhelming as to compel dismissal. It was the trial court's prerogative to believe Dr. Hall's version of the events. We discern no error in the trial court's refusal to dismiss based on Howell's claim of entrapment.

## III. CONCLUSION

For the foregoing reasons, we affirm the Floyd Circuit Court's judgment and sentence of conviction.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky